UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
*Electronically Filed*

| | |
|---|---|
| STEVEN L. CUPP, ERICK C. WETTSTAIN, AND CHRISTOPHER T. WINK, ]<br><br>*Plaintiffs,* ]<br><br>v. ]<br><br>SHELTRA MOTORSPORTS, LLC AND SHELTRA & SON CONSTRUCTION CO., INC., ]<br><br>*Defendants.* ] | <br><br><br><br><br>DEMAND FOR JURY TRIAL<br><br>CASE NO.  4:10-cv-68-JHM |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**I.    Jurisdiction and Venue**

1.    This Court has original federal question jurisdiction because Plaintiffs' claims arise under federal law – the Fair Labor Standards Act (FLSA).  28 U.S.C. § 1331 & 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under the Kentucky Wages and Hours Act (KWHA) because they are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).

2.    Venue is proper in the Western District of Kentucky, Owensboro Division, because Defendants, Sheltra Motorsports, a Kentucky limited liability corporation, and Sheltra & Son Construction Co., Inc. (Sheltra & Son), a Florida corporation, operated within this district, specifically Daviess County, Kentucky, during the time in which a substantial part of the acts and conduct charged herein occurred.

## II. Summary

3. Sheltra Motorsports and Sheltra & Son (collectively "Sheltra") operate and maintain a racing team that participates in ARCA RE/MAX Series and NASCAR sponsored races throughout the United States. Sheltra maintained its shop for the building and maintenance of racecars in Daviess County, Kentucky from 2007 through January 2010, at which time it moved these operations to North Carolina.

4. Under the FLSA and the KWHA, Sheltra must pay its employees one-and-one-half times their regular hourly rates for hours excess of 40 during the workweek.

5. Sheltra nonetheless pays its race team employees a fixed salary per week regardless of the number of hours they work. The workers do not receive any additional compensation for hours worked in excess of 40 during the workweek.

6. Steven L. Cupp, Erick C. Wettstain and Christopher T. Wink (Plaintiffs) are three such race team employees. Plaintiffs bring this collective action to recover unpaid overtime wages and other damages owed to themselves and to other similarly situated employees.

## III. Parties

7. Sheltra employed Plaintiffs as race team employees. Plaintiffs reside in Daviess County or did so while they worked for Sheltra. Plaintiffs' written consents are attached.

8. All race team employees employed by Sheltra as part of the Sheltra Motorsports race team who worked overtime are similarly situated to Plaintiffs (the Race Team).

9. Sheltra is a Kentucky limited liability corporation and Sheltra & Son Construction Co., Inc. is a Florida corporation that operated within Daviess County, Kentucky, during the period of 2007 through January 2010.

## IV. Coverage Facts

10. Sheltra Motorsports and Sheltra & Son Construction Co., Inc. are joint employers within the meaning of both the FLSA and the KWHA. 29 U.S.C. § 203(d); Ky. Rev. Stat. § 337.010(d). Plaintiffs and the Race Team are or were employees of Sheltra within the meaning of both the FLSA and the KWHA. 29 U.S.C. § 203(e)(1); Ky. Rev. Stat. § 337.010(e).

11. Sheltra Motorsports and Sheltra & Son Construction Co., Inc. are each, or are part of, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(C) of the FLSA. 29 U.S.C. § 203(s)(1)(c); 29 U.S.C. § 203(x).

## V. Facts

12. Sheltra operates an ARCA RE/MAX Series racing team. Sheltra employs individuals to build and maintain stock racing cars. Sheltra pays these employees on "salary" for the labor they perform. Sheltra & Son Construction Co., Inc. pays these employees' salaries.

13. The Race Team worked at the shop location during the week and then traveled to the various race sites on the weekend to service the racecar during races.

14. The Race Team members performed mechanical and fabrication work on the stock racecar.

15.     Sheltra did not require its employees to clock in or out or track their hours worked.

16.     The Race Team members regularly worked in excess of 40 hours during the workweek.

17.     Sheltra paid the Race Team members a fixed salary per week.  Sheltra did not pay additional compensation to its employees for hours worked in excess of 40 during the workweek.

18.     Sheltra's failure to compensate its employees for hours worked in excess of 40 during the workweek violates the FLSA and the KWHA.

19.     Sheltra was aware that its employees regularly worked in excess of 40 hours during the workweek.  Sheltra knew, or showed reckless disregard for whether, its practice of failing to pay overtime to its employees violated the FLSA and the KWHA.

## VI.     Collective Action Allegations

20.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all others similarly situated as allowed under FLSA § 216(b) (the FLSA Class).

21.     The FLSA Class members also worked as part of the Sheltra race team.  These workers performed mechanical and fabrication work for Sheltra.

22.     Although the FLSA Class worked more than 40 hours in a week, Sheltra failed to pay them overtime.

23.     Sheltra's failure to pay the FLSA Class overtime results from a generally applicable practice.  Specifically, Sheltra paid the FLSA Class a straight "salary" basis with no overtime for hours worked in excess of forty.

24.     The FLSA Class is entitled to overtime compensation for the same reasons as are Plaintiffs.

25.     Sheltra's failure to properly pay overtime to the FLSA Class results from a common practice.  Notice of this FLSA collective action is, therefore, properly sent to the FLSA Class defined as:

**All salaried Sheltra employees who worked
on the race team within the last three (3) years.**

### VII.    Cause of Action: Failure to Pay Overtime (The FLSA)

26.     Sheltra violated the FLSA by paying its employees a fixed salary with no additional compensation for hours worked in excess of 40 during the workweek.

27.     Plaintiffs and the FLSA Class are therefore entitled to their unpaid overtime, liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### VIII.   Cause of Action: Failure to Pay Overtime (The KWHA)

28.     Sheltra violated the KWHA by paying its employees a fixed salary with no additional compensation for hours worked in excess of 40 during the workweek fails to properly compensate its employees for all hours worked.

29.     Plaintiffs and all those who file consents to join this action are therefore entitled to their unpaid wages, liquidated damages, attorney's fees, prejudgment interest and costs.  KY. REV. STAT. § 337.385(1).

### PRAYER FOR RELIEF

30.     Plaintiffs pray for judgment against Sheltra Motorsports and Sheltra & Son Construction Co., Inc., jointly and severally, awarding them and all those similarly

situated:

    a. Their unpaid overtime wages;

    b. Liquidated damages;

    c. Reasonable attorneys' fees, costs and expenses;

    d. Pre- and post- judgment interest at the highest rates allowed by law; and

    e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/   Mark K. Gray
Mark K. Gray
Matthew L. White
Doris A. Kim
FRANKLIN GRAY & WHITE
505 West Ormsby Avenue
Louisville, Kentucky  40203
(502) 637-6000 Telephone
(502) 637-1413 Facsimile

Richard J. Burch
*Admitted Pending Pro Hac Vice*
BRUCKNER BURCH PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas  77002
(713) 877-8788 Telephone
(713) 877-8065 Facsimile